966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Guy SHORTRIDGE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Pioneer Coal Company,
Respondents.
 No. 91-1234.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 18, 1992
Decided: June 26, 1992
 
 Guy Shortridge, Petitioner Pro Se.
 Michael John Denney, Matthew P. Levin, United States Department of Labor, Washington, D.C.; Timothy Ward Gresham, Penn, Stuart, Eskridge & Jones, Abingdon, Virginia, for Respondents.
 Before WIDENER and SPROUSE, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Guy Shortridge, a former coal miner, seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1991). We vacate the decision of the Board and remand for further consideration.
 
 
 2
 The ALJ analyzed this claim pursuant to Part 718 of the applicable regulations and found the evidence of record sufficient to establish pneumoconiosis arising out of coal mine employment, but insufficient to establish total disability due to pneumoconiosis. While we find no fault with the Board or the ALJ's discussion of the objective studies relevant to the issue of disability, we find that the Board committed error in affirming the ALJ's weighing of the pertinent medical reports.
 
 
 3
 The medical opinions of record strongly conflicted over the issue of disability. Three physicians unequivocally found that Shortridge was totally disabled due to pneumoconiosis, while two physicians reached the opposite conclusion. Yet another physician, Dr. Baxter, diagnosed chronic obstructive pulmonary disease with pneumoconiosis, hiatal hernia, and osteoarthritis, and opined that Shortridge was totally disabled by the diagnosed conditions. In discounting this report, the ALJ stated:
 
 
 4
 Dr. Baxter opined that the claimant is totally disabled due to the combination of diagnosed conditions of which pneumoconiosis was only one. Since he failed to comment on whether the claimant is totally disabled due to his respiratory condition alone his opinion is accorded little weight.
 
 
 5
 We find the ALJ's analysis of Dr. Baxter's report to be contrary to our holding in Robinson v. Pickands Mather, 914 F.2d 35 (4th Cir. 1990), that a miner's pneumoconiosis need only be a"contributing cause" to the miner's total disability. Id . at 38. It is unclear whether the ALJ would have found the existence of a totally disabling respiratory impairment if he had evaluated Dr. Baxter's report in light of Robinson. Accordingly, we vacate the Board's decision and remand to the Board for further remand to the ALJ so that he may reweigh the medical opinions of record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED WITH INSTRUCTIONS